IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

    Plaintiff,

v.                                                No. 1:24-cv-01305-WJ-JFR

STATE OF NEW MEXICO,
JANE LEVY, in her official capacity,
DAVID GIDDENS, in his official and individual capacities, and
JEROME JOHNSON, in his official and individual capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from Defendants' actions in a divorce case in state court. *See* Verified Petition for a Prima Facia [sic] Tort 1983 Claim, Interferance [sic] with Contractual Relationships and the 2021 New Mexico Civil Rights Act and Immediate Injunctive Relief at 3, Doc. 1, filed December 27, 2024 ("Complaint") (referencing case No. "D-202-DM-2023-03332"). Defendant Jane Levy is the state-court judge presiding over the divorce case. *See* Complaint at 3. Defendants David Giddens and Jerome Johnson are the "receivership" and "accountant," respectively. Complaint at 3. Plaintiff seeks compensatory and punitive damages, declaratory judgments, and injunctive relief including "quash[ing] all orders" of the state-court, a stay of litigation of the state court proceedings, release of funds to Plaintiff and termination of the receivership. Complaint at 19. Plaintiff subsequently filed his Second Amended Complaint, Doc. 10, filed February 6, 2025.

Defendant David Giddens has moved to dismiss Plaintiff's Second Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be

granted.  *See* Renewed Motion to Dismiss on Behalf of David Giddens, Doc. 12, filed February 21, 2025 ("Motion").

Defendant Giddens contends that the Court lacks jurisdiction over this case because: (i) the *Younger* abstention doctrine deprives the Court of jurisdiction due to the ongoing proceeding in state court; (ii) the *Rooker-Feldman* doctrine deprives the Court of jurisdiction where the requested relief would undo the state court's judgment; and (iii) Defendant Giddens has absolute quais-judicial immunity due to his appointment as Receiver thereby making him an officer of the state court.  *See* Motion at 6-13.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

Plaintiff has filed three Responses to Defendant Giddens' Motion.  Plaintiff's first Response states "the claim is properly plead for the basic the [sic] elements of a 1983 claim."  *See* Doc. 36 at 2, ¶ 7, filed April 16, 2025.  Plaintiff's second Response states that the Court has federal question jurisdiction because he is asserting claims pursuant to 42 U.S.C. § 1983 and that the New Mexico Civil Rights Act of 2021 "forbid[s] the defense of qualified immunity of the assigned officers of the court."  *See* Doc. 40 at 3-5, filed May 19, 2025.  Plaintiff's third Response asserts that the Court has jurisdiction pursuant to *Ex parte Young* which allows suits for prospective injunctive relief against state officials for ongoing violations of federal law and that Defendant Giddens does not have immunity due to the New Mexico Civil Rights Act.  *See* Doc. 47 at 2-7, filed June 9, 2025.  Plaintiff has not met his burden of showing that the Court has jurisdiction over this matter.

First, Plaintiff has not addressed the *Younger* abstention or the *Rooker-Feldman* doctrines. *Younger* deprives the Court of jurisdiction when there is an ongoing state civil proceeding, "the state court provides an adequate forum to hear the claims raised in the federal complaint and [] the state proceedings involve important state interests." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). *Rooker-Feldman* bars a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Second, Plaintiff incorrectly asserts that the New Mexico Civil Rights Act deprives Defendant Giddens of immunity in this action. The New Mexico Civil Rights Act provides:

> A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*.

N.M.S.A. § 41-4A-3(B) (emphasis added), and:

> The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action.

N.M.S.A. § 41-4A-9 (emphasis added). The New Mexico Civil Rights Act waives sovereign immunity only for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights pursuant to the United States Constitution brought in this United States Court.

Third, Plaintiff's argument that his claim pursuant to *Ex parte Young* establishes jurisdiction also fails. "[U]nder *Ex parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy* v. *Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1169 (10th Cir. 2015). Plaintiff, however, seeks prospective injunctive relief against Defendant Giddens who is a *judicial officer*.

> Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... *unless a declaratory decree was violated or declaratory relief was unavailable.*" See *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.") (citations and quotation marks omitted).

*Catanach v. Thomson*, 718 Fed.Appx. 595, 597, 599-600 (10th Cir. 2017) (emphasis added). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable.

The Court grants Defendant Giddens' Motion in part and dismisses the claims against him for lack of jurisdiction. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original). The Court denies the pending motions in this case because the Court lacks jurisdiction over this matter.

> Defendant Giddens' Motion also:
>
> requests monetary sanctions exceeding the attorney's fees and costs associated with this Motion and defense of this lawsuit. Pursuant to Fed. R. Civ. P. 11(c) there appears no legitimate justification for this lawsuit, and monetary sanctions are an appropriate punishment for Plaintiff's conduct.

Motion at 14.

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violated Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). Defendant Giddens has not moved for sanctions separately from his Motion to Dismiss and has not shown that he served a motion for sanctions on Plaintiff pursuant to Fed. R. Civ. P. 11(c)(2).

The Court, having previously dismissed the claims against the other Defendants, dismisses this case. *See* Order Dismissing Claims, Doc. 42, filed May 19, 2025.

**IT IS ORDERED** that:

(i) Defendant David Giddens' Renewed Motion to Dismiss, Doc. 12, filed February 21, 2025, is **GRANTED in part** as follows: (i) the Court grants Plaintiff's Motion to dismiss Plaintiff's claims for lack of jurisdiction; and (ii) the Court denies Plaintiff's Motion for Rule 11 sanctions. This case is **DISMISSED without prejudice.**

(ii) The following motions **are DENIED:**

  (a) Plaintiff's Motion for Immediate Injunctive Relief, Doc. 37, filed April 24, 2025;

  (b) Plaintiff's Motion to Combine or Consolidate Cases, Doc. 45, filed June 9, 2025;

  (c) Plaintiff's Motion for Emergency Prospestive [sic] Injunctive Relief, Doc. 46, filed June 9, 2025.

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**